UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
P.O. BOX 25670
RALEIGH, NC 27611

MARCH 19, 2008



CLERK, U.S. DISTRICT COURT
United States District Court
Southern District of California
880 Front Street, Room 4290
San Diego, CA 92101-8900

'08 CR 7017 IEG

RE:  U.S.A. vs.  CLARENCE LAMONT SLADE
     #5:00-CR-102-1-H

DEAR SIR:

Enclosed are certified copies of the following documents in the above referenced case that are being sent to your district for disposition pursuant to 18:3605 - Transfer of Jurisdiction: Southern District of Georgia

   1. Indictment
   2. Judgment and Commitment
   3. Docket Sheet
   4. Transfer of Jurisdiction Form

Please acknowledge receipt of these documents on the enclosed copy of this letter.

Sincerely,

Dennis Iavarone, Clerk

/s/ Janet H. Callihan
DEPUTY CLERK

jhc

Enclosures

FILED
MAR 10 2008
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY ___ DEP CLK

| Probation Form 22 (REV. MAR 05) | United States District Court Federal Probation System **TRANSFER OF JURISDICTION** | DOCKET NUMBER (Transfer Court) 5:00-CR-102-1H |
|---|---|---|
| | | DOCKET NUMBER (Rec. Court) 08 CR 7017 IEG |

| NAME AND ADDRESS OF OFFENDER | DISTRICT EASTERN NORTH CAROLINA | DIVISION Western |
|---|---|---|
| Clarence Lamont Slade San Diego, CA | NAME OF SENTENCING JUDGE Malcolm J. Howard, Senior U.S. District Judge | |
| | DATES OF SUPERVISION → | FROM 10/17/2003 | TO 10/16/2008 |

**OFFENSE**
Conspiracy to Distribute and Possess With Intent to Distribute Cocaine and Cocaine Base (Crack)
21 USC § 846

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the offender named above be transferred with the records of this court to the United States District Court for the Southern District of California upon that court's order of acceptance of jurisdiction. This court hereby expressly consents that the period of supervision may be changed by the district court to which this transfer is made without further inquiry of this court.*

2/19/08
Date

[signature]
Senior U.S. District Judge

* This sentence may be deleted in the discretion of the transferring court.

**PART 2 ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY ORDERED that jurisdiction over the above-named offender be accepted and assumed by this court from and after the entry of this order.

3/5/08
Effective date

[signature Irma E. Gonzalez]
United States District Judge

I certify the foregoing to be a true and correct copy of the original.
Dennis P. Iavarone, Clerk
United States District Court
Eastern District of North Carolina
By [signature]
Deputy Clerk

AO 245B (Rev. 3/95) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Eastern District of North Carolina - Western Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| **Clarence Lamont Slade** | Case Number: 5:00CR00102-001 |
| | Geoffrey H. Simmons |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1 (Criminal Information)

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute and Possess With Intent to Distribute Cocaine and Cocaine Base (Crack) | 08/02/1999 | 1 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 08/02/1976
Defendant's USM No.: 18716-056
Defendant's Residence Address:
501 Plaza Drive
Garner                 NC         27602

Defendant's Mailing Address:
501 Plaza Drive
Garner                 NC         27602

10/02/2000
Date of Imposition of Judgment

Signature of Judicial Officer

Malcolm J. Howard
United States District Judge
Name & Title of Judicial Officer

10-2-2000
Date

I certify the foregoing to be a true and correct copy of the original.
Dennis P. Iavarone, Clerk
United States District Court
Eastern District of North Carolina
By: _____ Deputy Clerk

OB# 27 p. 105    COPIES DISTRIBUTED

AO 245B (Rev. 3/95) Sheet 2 - Imprisonment

Judgment-Page __2__ of __7__

DEFENDANT: Clarence Lamont Slade
CASE NUMBER: 5:00CR00102-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __135__ month(s).

**THE COURT ORDERS that the defendant provide support for all dependents while incarcerated. These funds should be forwarded to Latonya Williams at 501 Plaza Drive, Garner, North Carolina 27602.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ a.m./p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 3/95) Sheet 3 - Supervised Release

Judgment-Page __3__ of __7__

DEFENDANT:      Clarence Lamont Slade
CASE NUMBER:   5:00CR00102-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ___5___ year(s).

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒  The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

See Special Conditions of Supervision - Page   4

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 3/95) Sheet 3 - Supervised Release

Judgment-Page  4  of  7

DEFENDANT:        Clarence Lamont Slade
CASE NUMBER:      5:00CR00102-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

The defendant shall provide the probation office with access to any requested financial information.

The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

The defendant shall consent to a warrantless search by a United States probation officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

While under supervision in the Eastern District of NC, the defendant shall participate in the DROPS program and, in response to detected illegal drug use, shall be confined in the custody of the Bureau of Prisons for a period not to exceed 30 days of intermittent confinement, as arranged by the probation office, in the following increments: First Use - Two Days; Second Use - Five Days; third Use - Ten Days.

AO 245B (Rev. 3/95) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page __5__ of __7__

DEFENDANT:     Clarence Lamont Slade
CASE NUMBER:   5:00CR00102-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . .  $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | Totals: $ _____ | $ _____ | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245B (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

Judgment-Page __6__ of __7__

DEFENDANT:      Clarence Lamont Slade
CASE NUMBER:    5:00CR00102-001

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  [X] in full immediately; or

B  [ ] $ _____ immediately, balance due (in accordance with C, D, or E); or

C  [ ] not later than _____ ; or

D  [ ] in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  [ ] in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will be credited for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the Clerk, U.S. District Court, Attn: Financial Unit, Post Office Box 25670, Raleigh, NC 27611, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

AO 245B (Rev. 3/95) Sheet 6 - Statement of Reasons

Judgment-Page __7__ of __7__

DEFENDANT: Clarence Lamont Slade
CASE NUMBER: 5:00CR00102-001

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 33

Criminal History Category: I

Imprisonment Range: 135-168 Mos.

Supervised Release Range: 3-5 Yrs.

Fine Range: $ __17,500.00__ to $ __4,000,000.00__

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

Inasmuch as the range exceeds 24 months, the court has imposed a sentence at the bottom of the range because the defendant is facing his first significant period of incarceration, he is cooperating with authorities, and because of the youthfulness of the defendant.

**OR**

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

JFB

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:00CR102-1H

FILED
MAY 16 2000

DAVID W. DANIEL, CLERK
US DISTRICT COURT, EDNC
DEP CLERK

UNITED STATES OF AMERICA         :
                                 :
        v.                       :       CRIMINAL INFORMATION
                                 :
CLARENCE LAMONT SLADE            :

The United States Attorney charges that:

Beginning on a date unknown, but at least by late 1998, and continuing to and including on or about August 2, 1999, in the Eastern District of North Carolina and elsewhere, the defendant, CLARENCE LAMONT SLADE, did knowingly, intentionally, and unlawfully combine, conspire, confederate, agree, and have a tacit understanding with other persons, both known and unknown, to knowingly, intentionally and unlawfully distribute and possess with the intent to distribute cocaine and cocaine base (crack), Schedule II narcotic controlled substances, violation of Title 21, United States Code, Section 841(a)(1). During the course of the conspiracy in excess of fifty (50) grams of cocaine base (crack) were distributed.

All in violation of Title 21, United States Code, Section 846.

Janice McKenzie Cole
JANICE McKENZIE COLE
United States Attorney

I certify the foregoing to be a true and correct copy of the original.
Dennis P. Iavarone, Clerk
United States District Court
Eastern District of North Carolina

Deputy Clerk

CLOSED

# U.S. District Court
# EASTERN DISTRICT OF NORTH CAROLINA (Western Division)
# CRIMINAL DOCKET FOR CASE #: 5:00-cr-00102-H-1

| | |
|---|---|
| Case title: USA v. Slade | Date Filed: 05/16/2000 |
| | Date Terminated: 10/02/2000 |

Assigned to: Judge Malcolm J. Howard

**Defendant (1)**

| | | |
|---|---|---|
| **Clarence Lamont Slade**<br>*TERMINATED: 10/02/2000* | represented by | **Geoffrey Simmons**<br>Simmons Law Firm<br>P. O. 2223<br>Raleigh, NC 27602<br>919-834-4777<br>Fax: 834-5023<br>Email: GHSLAW@aol.com<br>*TERMINATED: 10/02/2000*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>Designation: Retained |
| | | **J. Douglas McCullough**<br>Stubbs & Perdue<br>P.O. Box 1630<br>Raleigh, NC 27602-1630<br>919-856-9400<br>Fax: 856-9300<br>*TERMINATED: 03/05/2001* |

*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*
*Designation: CJA*
*Appointment*

**Kelly Latham Greene**
Greene & Wilson, P.A.
P. O. Box 1676
New Bern, NC 28563
252-634-9400
Fax: 252-634-3464
Email:
kgreene@greenewilson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*
*Designation: CJA*
*Appointment*

**Trawick H. Stubbs, Jr.**
Stubbs & Perdue
8450 Falls of Neuse Rd.
Suite 206
Raleigh, NC 27615-3510
919-870-6258
Fax: 919-870-6259
Email:
lgordon@stubbsperdue.com
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*
*Designation: CJA*
*Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| | BOP - 135 mos. - support |

21:846 - Conspiracy and possession with intent to distribute cocaine and cocaine base (crack)
(1)

dependents - remanded to custody - sup rel - w/spec. conds. - $100.00 spec. assessment - statement of reasons - no fine

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

USA
*TERMINATED: 10/02/2000*

represented by **J. Frank Bradsher**
310 New Bern Ave.
Suite 800
Raleigh, NC 27601
919-856-4530
Email: frank.bradsher@usdoj.gov
*TERMINATED: 10/02/2000*
*ATTORNEY TO BE NOTICED*

| Date | # | Docket Text |
|---|---|---|

| Filed | | |
|---|---|---|
| 05/16/2000 | <u>1</u> | INFORMATION as to Clarence Lamont Slade (1) count(s) 1 (jh) (Entered: 05/24/2000) |
| 05/16/2000 | | Deadline updated as to Clarence Lamont Slade, Set Arraignment before Judge Malcolm J. Howard for 10:00 6/12/00 for Clarence Lamont Slade (jh) (Entered: 05/24/2000) |
| 06/02/2000 | | Issued NOTICE TO APPEAR as to Clarence Lamont Slade : Set Arraignment before Judge Malcolm J. Howard for 1:30 6/12/00 for Clarence Lamont Slade (fdc) (Entered: 06/02/2000) |
| 06/12/2000 | | Deadline updated as to Clarence Lamont Slade, Arraignment before Judge Malcolm J. Howard for 10:00 6/26/00 for Clarence Lamont Slade per oral order by Judge Howard in open court - deft was not writted by USA from state custody therefore deft was not present on 6/12/00 (fdc) (Entered: 06/12/2000) |
| 06/13/2000 | <u>2</u> | WRIT of Habeas Corpus ad Prosequendum issued as to Clarence Lamont Slade for 6/26/00 at 9:00 am in Greenville for plea OB Ref: #25, p. 186 cys dist (fdc) (Entered: 06/16/2000) |
| 06/16/2000 | <u>3</u> | WRIT of Habeas Corpus ad Prosequendum issued as to Clarence Lamont Slade for 6/27/00 at 9:00 am in Greenville for initial appearance OB Ref: #25, p. 205 cys dist (fdc) (Entered: 06/16/2000) |
| 06/22/2000 | <u>4</u> | NOTICE of Appearance for Clarence Lamont Slade by Attorney Geoffrey Simmons cys dist (fdc) (Entered: 06/23/2000) |
| 06/26/2000 | | Arraignment as to Clarence Lamont Slade held before Judge Malcolm J. Howard . Court Reporter: Edith Thompson Clarence Lamont Slade (1) count(s) 1 - deft present w/counsel - sworn - competent - Rule 11 conducted (fdc) (Entered: 06/26/2000) |
| | | |

| | | |
|---|---|---|
| 06/26/2000 | 5 | WAIVER OF INDICTMENT by Clarence Lamont Slade (fdc) (Entered: 06/26/2000) |
| 06/26/2000 | 6 | MEMORANDUM of Plea Agreement as to Clarence Lamont Slade Conditionally Approved (fdc) (Entered: 06/26/2000) |
| 06/26/2000 | | PLEA entered by Clarence Lamont Slade. Court accepts plea. Guilty: Clarence Lamont Slade (1) count(s) 1 (Terminated motions - ) - plea freely and vol entered - factual basis exists - before Judge Howard in Greenville - CR Edith Thompson (fdc) (Entered: 06/26/2000) |
| 06/26/2000 | | Deadline updated as to Clarence Lamont Slade, Set Sentencing before Judge Malcolm J. Howard for 10:00 10/2/00 for Clarence Lamont Slade (fdc) (Entered: 06/26/2000) |
| 06/26/2000 | | Remanded to Custody (fdc) (Entered: 06/26/2000) |
| 07/28/2000 | 7 | WRIT of Habeas Corpus ad Prosequendum returned unexecuted as to Clarence Lamont Slade deft appeared on another writ (fdc) (Entered: 08/05/2000) |
| 09/14/2000 | 8 | WRIT of Habeas Corpus ad Prosequendum returned unexecuted as to Clarence Lamont Slade - state charges dismissed on 7/10/00 (fdc) (Entered: 09/15/2000) |
| 09/19/2000 | | Issued NOTICE TO APPEAR as to Clarence Lamont Slade : Set Sentencing before Judge Malcolm J. Howard for 2:00 10/2/00 for Clarence Lamont Slade (fdc) (Entered: 09/19/2000) |
| 10/02/2000 | | Sentencing held before Judge Malcolm J. Howard. Court Reporter: Edith Thompson Clarence Lamont Slade (1) count(s) 1 in Greenville - deft present w/counsel - (jh) (Entered: 10/03/2000) |
| 10/02/2000 | | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Clarence Lamont Slade (jh) (Entered: |

| | | |
|---|---|---|
| | | 10/03/2000) |
| 10/02/2000 | 9 | JUDGMENT Clarence Lamont Slade (1) count(s) 1. BOP - 135 mos. - support dependents - remanded to custody - sup rel - w/spec. conds. - $100.00 spec. assessment - statement of reasons - no fine Signed by Judge Howard OB Ref: #27, P.105 cys dist (jh) (Entered: 10/13/2000) |
| 11/09/2000 | 10 | NOTICE of Appearance for Clarence Lamont Slade by Attorney J. Douglas McCullough cys dist (fdc) (Entered: 11/13/2000) |
| 12/05/2000 | 11 | NOTICE of Appearance for Clarence Lamont Slade by Attorney J. Douglas McCullough cys dist (fdc) (Entered: 12/05/2000) |
| 03/01/2001 | 12 | MOTION by Clarence Lamont Slade substitute counsel - Kelly L. Greene and Trawick H. Stubbs, Jr. replacing J. Douglas McCullough w/cs c: Judge Howard (jh) (Entered: 03/01/2001) |
| 03/05/2001 | 13 | ORDER as to Clarence Lamont Slade granting [12-1] motion substitute counsel - Kelly L. Greene and Trawick H. Stubbs, Jr. replacing J. Douglas McCullough as to Clarence Lamont Slade (1) ( Signed by Judge Howard OB Ref: #29, p. 148 cys dist) (fdc) (Entered: 03/05/2001) |
| 10/02/2001 | 14 | MOTION by USA as to Clarence Lamont Slade to Reduce Sentence , Motion hearing before Judge Malcolm J. Howard set for 10:00 on 12/10/01 as to Clarence Lamont Slade - c: Judge Howard. (ab) (Entered: 10/02/2001) |
| 11/29/2001 | | Issued NOTICE TO APPEAR as to Clarence Lamont Slade : Motion hearing before Judge Malcolm J. Howard, set for 9:00a.m. 12/12/01 as to: Clarence Slade, re: (14-1), (14-2) (ab) (Entered: 11/29/2001) |
| 12/12/2001 | | Motion hearing held as to Clarence Lamont Slade re: |

| | | |
|---|---|---|
| | | [14-1] motion to Reduce Sentence Court Reporter: Edith Thompson - Court grants motion by gov't - court orders the deft in custody of BOP for 68 months on coutn 1 - all other aspects of judgment reaffirmed. (ab) (Entered: 12/14/2001) |
| 12/12/2001 | | ORAL ORDER as to Clarence Lamont Slade granting [14-1] motion to Reduce Sentence as to Clarence Lamont Slade (1) ( Entered by Judge Howard.) (ab) (Entered: 12/14/2001) |
| 12/13/2001 | 15 | ORDER AMENDING JUDGMENT as to Clarence Lamont Slade - deft remanded to custody of BOP for 68 months ( Signed by Judge Howard OB Ref: 33, pg. 165, cys dist.) (ab) (Entered: 12/26/2001) |
| 03/10/2008 | 16 | Probation Jurisdiction Transferred to Southern District of California - San Diego as to Clarence Lamont Slade Transmitted Transfer of Jurisdiction form, with certified copies of information, judgment and docket sheet. (Attachments: # 1 Cover Letter (Deputy Clerk - JHC, ) (Entered: 03/19/2008) |